UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RADIYAH EL-FIL,

        Plaintiff,

v.

Case No. 09-11687

Honorable John Corbett O'Meara

COUNTRYWIDE HOME LOANS, INC.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and AEGIS
FUNDING CORPORATION,

        Defendants.

_____/

**OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR JUDGMENT**

This matter came before the court on Defendants' August 10, 2009 motion for judgment. Plaintiff filed a response August 21, 2009. No reply was filed. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

Following unfavorable rulings from the Circuit Court for the County of Wayne and the Michigan Court of Appeals regarding the foreclosure of his mortgage and the subsequent sale of his real property, plaintiff Radiyah El-Fil filed suit in this court May 4, 2009. Plaintiff claims Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq*.

To the extent Plaintiff is seeking a review of the findings and rulings of the Wayne County Circuit Court and the Michigan Court of Appeals, this court lacks subject matter jurisdiction. Under the Rooker Feldman Doctrine, the United States Supreme Court has held that a party may not seek

relief from a state court judgment in federal district court. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

Furthermore, in this case Plaintiff is attempting to re-litigate the same issues and claims that were brought forth, or could have been brought forth, in the state court action. The Full Faith and Credit Clause of the U.S. Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the effect thereof." U.S. Const. Art. IV, § 1.

Plaintiff has asserted claims pursuant to the TILA and RESPA. Those claims are time barred. Under certain circumstances, the TILA allows a court to rescind a mortgage loan. However, "[a]n obligor's right of rescission shall expire three years after the date of the consummation of the transaction . . . ." 15 U.S.C. § 1635(f). A mortgage loan is deemed consummated at closing, which in this case took place June 2, 2004, almost five years before Plaintiff filed this action. Plaintiff also seeks monetary damages based on alleged violations of TILA. Again, however, the statute provides that such claims must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Therefore, Plaintiff's claims under the TILA are time barred.

Like the TILA, the RESPA was enacted to ensure transparency of the mortgage lending industry; and it proscribes certain conduct of lenders and loan servicers. Pursuant to 15 U.S.C. § 2614, an aggrieved party must bring a claim for relief within one year of an alleged violation. Thus, Plaintiff's claims under the RESPA are also time barred.

Plaintiff also suggests violations of the Community Reinvestment Act, 12 U.S.C. § 2901, which Congress enacted to provide guidance to relevant offices of the Executive Branch of the government. The Act has no application here.

Finally, Plaintiff asserts that Defendants violated Michigan's Usury Act, Mich. Comp. Laws Ann. § 438.31, which is an attempt to regulate the interest rate of money. However, Michigan courts have held that, among other things, "one seeking the equitable relief of avoidance of a usurious contract must first do equity by tendering the unpaid balance owing plus interest at the legal rate . . ." <u>Michigan Mobile Homeowners Ass'n v. Bank of the Commonwealth</u>, 56 Mich. App. 206, 216-17 (1974). In this case, Plaintiff failed to tender the unpaid balance before filing suit. For all of the foregoing reasons, the court will grant Defendants' motion for judgment.

## **ORDER**

It is hereby **ORDERED** that Defendants' August 10, 2009 motion for judgment is **GRANTED.**

<u>s/John Corbett O'Meara</u><br>
United States District Judge

Date: December 14, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 14, 2009, using the ECF system and/or ordinary mail.

<u>s/William Barkholz</u><br>
Case Manager